**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

September 2, 2026

Candice Lue
P.O. Box 178
Great Meadows, NJ 07838
*Pro se Plaintiff*

Nina K. Markey
Littler Mendelson, P.C.
1601 Cherry Street
Suite 1400
Philadelphia, PA 19102
*Counsel for Defendants Teva Pharmaceuticals, Shanna Clark, and Dor Hirschhorn*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re:** ***Lue v. Teva Pharmaceuticals USA, Inc. et al., Civ. No. 25-1454 (SDW) (JBC)***

Parties:

Before this Court is *pro se* Plaintiff Candice Lue's ("Plaintiff") Appeal of Magistrate Judge James B. Clark's April 22, 2026 Order (the "Appeal" (D.E. 67)), in which Judge Clark denied Plaintiff's motion requesting that her deposition be conducted remotely (D.E. 66). The Appeal is brought pursuant to Federal Rule of Civil Procedure ("Rule") 72(a). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1392(b)(2). This Opinion is issued without oral argument pursuant to Rule 78. For the reasons set forth herein, Plaintiff's Appeal is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This Court will limit the factual and procedural background to those facts relevant to the pending appeal. Defendants Teva Pharmaceuticals, Shanna Clark, and Dor Hirschhorn (collectively, "Defendants") have properly noticed Plaintiff's deposition on multiple occasions,

most recently for April 21, 2026. (D.E. 69 at 2.) The deposition was scheduled to occur at defense counsel's offices in Newark, New Jersey. (*Id.*) Rather than comply with her discovery obligations, Plaintiff has requested that her deposition proceed remotely, asserting that she fears for her safety, that she does not trust Defendants, and that international human rights principles entitle her to a remote deposition. (D.E. 62, 67.)

On April 22, 2026, Magistrate Judge Clark denied Plaintiff's request for a remote deposition and ordered her to appear in-person. (D.E. 66.) On April 23, 2026, Plaintiff appealed Judge Clark's Order, and timely briefing ensued. (D.E. 67, 69.)

## II. LEGAL STANDARD

Rule 72(a) governs objections to a magistrate judge's order on discovery disputes. Fed. R. Civ. P. 72(a). Under Rule 72(a), a district court may modify or set aside such an order if it is "clearly erroneous or contrary to law." *Id.*; *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). The burden rests with the objecting party. *Id.* (quoting *Cardona v. Gen. Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996)). A finding is "clearly erroneous" when the court is "left with the definite and firm conviction that a mistake has been committed" after reviewing the record. *Id.* (quoting *Dome Petroleum Ltd. v. Emps. Mut. Liab. Ins. Co. of Wisconsin*, 131 F.R.D. 63, 65 (D.N.J. 1990)). A finding is "contrary to law" only when the magistrate judge has misinterpreted or misapplied the governing law. *Id.* (citing *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998)). Mere disagreement with a magistrate judge's ruling does not satisfy this deferential standard, and discovery rulings are entitled to substantial deference, as magistrate judges have broad discretion to manage discovery and resolve discovery disputes. *Andrews v. Goodyear Tire & Rubber Co.*, 191 F.R.D. 59, 68 (D.N.J. 2000); *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

## III. DISCUSSION

Plaintiff's Appeal fails at the outset because she cannot establish that Judge Clark's April 22, 2026 Order is clearly erroneous or contrary to law. Plaintiff identifies no legal or factual error; instead, she merely disagrees with the result and attempts to relitigate issues that have already been adjudicated and previously denied. (*See* D.E. 67.) Plaintiff does not address the Rule 72(a) standard, and courts in this District routinely affirm magistrate judges' discovery rulings on that basis. *See Champion Painting Specialty Servs. Corp. v. Delaware River Port Auth.*, 658 F. Supp. 3d 241, 248 (D.N.J. 2023); *Jones v. PHH Mortg. Corp.*, 814 F. Supp. 3d 531, 534 (D.N.J. 2026).

Even if Plaintiff had addressed the Rule 72(a) standard, the Appeal still fails because the Order correctly applied the governing law to the facts. Rule 30(b)(4) allows depositions to proceed remotely only by stipulation or court order, and neither exists here. Fed. R. Civ. P. 30(b)(4). The Rules do not create any presumption in favor of remote depositions, and courts have recognized that the examining party generally selects the manner of examination. *See Grady v. Target Store #2381*, No. 17-4160, 2019 WL 2024507, at *2 (D.N.J. May 8, 2019) (citing *Interlego A.G. v. Leslie-Henry Co.*, 32 F.R.D. 9, 11 (M.D. Pa. 1963)).

As Plaintiff contends that she would be in danger if she appears in person at defense counsel's office, Plaintiff may come into this Court for the deposition. (D.E. 67 at 5.) In any event, if Plaintiff intends to prosecute this action, she must appear for her deposition. Failure to do so may result in dismissal.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Appeal is **DENIED**. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
James B. Clark, U.S.M.J.